IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTIAN J. HENRICH,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN W. FIELD, individually,<br>JOSEPH B. ELAD, individually,<br>FAITH B. ELAD, individually,<br>QUANTUM LEAP HOLDINGS, INC.,<br>QUANTUM LEAP INNOVATIONS, INC.,<br><br>    Defendants. | C. A. No. 06C-CV-591 (UNA)<br><br>**JURY TRIAL OF TWELVE<br>DEMANDED** |

## **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES OF QUANTUM LEAP**

Defendants Quantum Leap Holdings, Inc. ("Holdings"), Quantum Leap Innovations, Inc. ("Innovations"), John W. Field, Joseph B. Elad, Faith B. Elad (collectively "Defendants") hereby answer and assert their affirmative defenses to the Plaintiff's Complaint in accordance with the numbered paragraphs thereof as follows:

1.   Denied.

2.   Denied.

3.   The allegations of this paragraph purport to state conclusions of law to which no responsive pleading is required.

4.   Denied.

5.   The allegations of this paragraph purport to state conclusions of law to which no responsive pleading is required.

6.   Defendants admit that Plaintiff is a former employee of Innovations. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. It is admitted that Field was and is a shareholder in Holdings, but Defendants are without knowledge or information sufficient to form a belief as to the Plaintiff's definition of "substantial" so that allegation is denied.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Defendants accept as true the allegation that the Defendants are referred to in the Complaint collectively as Defendants.

22. Admitted.

23. Denied.

24. Defendants admit that the Plaintiff represented to Holdings that the he had a Masters in Business Administration, Defendants lack knowledge or information sufficient to form a belief as to the truth of that representation.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Admitted.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Admitted.

39. Admitted.

40. Admitted.

41. The allegations in this paragraph purport to characterize a written document which speaks for itself. Defendants deny Plaintiff's characterizations of that document to the extent any such characterization of the document is contrary or inconsistent with the document itself.

42. The allegations in this paragraph purport to characterize a written document which speaks for itself. Defendants deny Plaintiff's characterizations of that document to the

extent any such characterization of the document is contrary or inconsistent with the document itself.

43. Denied.

44. Denied.

45. Denied.

46. Admitted.

47. Defendants admit that Plaintiff refers in his Complaint to the "Vested Shares" and "Holding Shares" collectively as the "Plaintiff's Shares." The remaining allegations are denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Admitted.

55. Denied.

56. Defendants admit that a copy of a Supervisor Review Form was attached to the Complaint as Exhibit B. The remaining allegations are denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Admitted.

72. Denied.

73. Admitted.

74. The Defendants admit that Innovations received the 2002 Tibbetts Award for its performance on an Air Force Small Business Innovation Research (SBIR) contract. The remaining allegations are denied.

75. Admitted.

76. Denied.

77. Admitted.

78. Denied.

79. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

80. Denied.

81. Admitted.

ME1\5887303.1

82. Defendants admit that in early February 2003, Plaintiff received a letter dated January 31, 2003. That letter is a written document that speaks for itself and Defendants deny Plaintiff's characterizations of that document to the extent any such characterization of the document is contrary or inconsistent with the document itself.

83. Defendants admit that the Plaintiff sent Innovations a letter in February of 2003. That letter is a written document that speaks for itself and Defendants deny Plaintiff's characterizations of that document to the extent any such characterization of the document is contrary or inconsistent with the document itself.

84. Defendants admit that on March 13, 2003, JB Elad reaffirmed that the fair market value of the shares as established by the Board of Directors was $.28/share. The remaining allegations are denied.

85. Denied.

86. It is admitted that on June 2, 2003, Plaintiff faxed Field, Bowman and JB Elad a document. . That document speaks for itself and Defendants deny Plaintiff's characterizations of that document to the extent any such characterization of the document is contrary or inconsistent with the document itself

87. Admitted.

88. Defendants incorporate by reference as if fully set forth herein their foregoing responses to paragraphs 1 through 87 of the Complaint.

89. The allegations in this paragraph purport to state a conclusion of law to which no responsive pleading is required. To the extent an answer is required, the allegations are denied.

90. Admitted.

91. Denied.

92. The allegations in this paragraph purport to state conclusions of law, to which no responsive pleading is required. To the extent a response is required; the Defendants deny the allegations in this paragraph.

93. Denied.

94. Denied.

95. Defendants incorporate by reference as if fully set forth herein their foregoing responses to paragraphs 1 through 94 of the Complaint.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Defendants incorporate by reference as if fully set forth herein their foregoing responses to paragraphs 1 through 99 of the Complaint.

101. The allegations in this paragraph purport to characterize a written document which speaks for itself. Accordingly, the allegations are denied to the extent they are in any way inconsistent with the written document they purport to characterize.

102. Denied.

103. Denied.

104. Defendants incorporate by reference as if fully set forth herein their foregoing responses to paragraphs 1 through 103 of the Complaint.

105. Denied.

106. Denied.

107. Denied.

ME1\5887303.1

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Defendants incorporate by reference as if fully set forth herein their foregoing responses to paragraphs 1 through 111 of the Complaint..

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. The allegations in this paragraph purport to state conclusions of law, to which no responsive pleading is required. To the extent a response is required; the Defendants deny the allegations in this paragraph.

118. Plaintiff is entitled to no remedy from Defendants since Defendants have not committed any actionable wrong against him.

119. Denied.

120. Defendants incorporate by reference as if fully set forth herein their foregoing responses to paragraphs 1 through 119 of the Complaint.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

ME1\5887303.1

126. Defendants incorporate by reference as if fully set forth herein their foregoing responses to paragraphs 1 through 125 of the Complaint.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims for monetary relief are barred to the extent he has failed to mitigate his alleged monetary losses.

2. Plaintiff's claims are barred under the doctrines of unclean hands and/or *in pari delicto*.

3. Plaintiff's claims are barred to the extent any such claim was filed outside of the applicable statute of limitations.

ME1\5887303.1

WHEREFORE, Defendants respectfully requests that this Court dismiss Plaintiff's case with judgment, enter judgment against Plaintiff and in favor of the Defendants, award Defendants their reasonable attorneys' fees and costs; and grant such other and further relief as the Court deems appropriate and just.

        Respectfully submitted,

        /s/ Michael P. Kelly
        _____

        Michael P. Kelly
        Delaware State Bar # 2295
        McCarter & English
        919 North Market Street
        Suite 1800
        Wilmington, DE 19899
        Phone: (302) 984-6301
        Fax: (302) 984-6399

        and

        Edward S. Mazurek (PA I.D. 50278).
        Brenden R. Chainey (PA I.D. (PA 201590).
        MORGAN, LEWIS & BOCKIUS LLP
        1701 Market Street
        Philadelphia, PA  19103
        215.963.5000
        877.432.9652 (facsimile)

Dated:  October 6, 2006        Attorneys for Defendants

ME1\5887303.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that two true and correct copies of the foregoing Defendant's Answer were served via Overnight Mail this 6th day of October, 2006 upon the following:

>Christian J. Henrich
>Damon & Morey LLP
>1000 Cathedral Place
>298 Main Street
>Buffalo, New York 14202
>
>Counsel for Plaintiff

>/s/ Michael P. Kelly
>Michael P. Kelly

ME1\5887303.1